IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KENNETH JOEL CUPID,              )
                                 )
            Petitioner,           )
                                 )     **MEMORANDUM OPINION**
                                 )     **AND RECOMMENDATION**
      v.                         )
                                 )          1:08CV430
BUTCH JACKSON, Administrator,    )
Nash Correctional Institution,   )
                                 )
            Respondent.           )

This matter is before the court on Respondent's motion for summary judgment (docket no. 7). Petitioner has not responded to the motion. Because the parties have not consented to the jurisdiction of the magistrate judge, the court must deal with the motion by way of recommendation. For the reasons discussed herein, it will be recommended that the court grant Respondent's motion and dismiss the petition.

BACKGROUND

Petitioner is a state court prisoner who, on August 20, 2003, in Guilford County Superior Court, was convicted after trial by jury of robbery with a dangerous weapon, possession of a firearm by a felon, and felony fleeing to elude arrest with a motor vehicle. He was sentenced to consecutive terms of 117-50, 18-22, and 11-14 months imprisonment. On September 20, 2005, the North Carolina Court of Appeals issued an unpublished opinion finding no error in Petitioner's convictions but

allowed his motion for appropriate relief in part for remanding for resentencing. (Ex. 1.) On October 6, 2005, the North Carolina Supreme Court allowed the state's motion for a temporary stay. (Ex. 2.) On April 6, 2006, the North Carolina Supreme Court dismissed Petitioner's notice of appeal and denied discretionary review. (Ex. 3.) On December 19, 2006, the North Carolina Supreme Court allowed the state's petition for discretionary review and denied Petitioner's petition for conditional discretionary review. (*See* Ex. 4.) On June 28, 2007, the North Carolina Supreme Court issued a published opinion reversing the Court of Appeals on the resentencing issue, but leaving the remainder of the opinion undisturbed. *State v. Cupid*, 361 N.C. 417, 646 S.E.2d 348 (2007). Petitioner was represented at trial by W. David Lloyd and on appeal by M. Alexander Charns. Petitioner filed his current federal habeas petition in this court through counsel, Stacey Vain Maiden and K.E. Krispen Culbertson, on June 25, 2008.

PETITIONER'S CLAIMS

Petitioner raises three claims for relief in his habeas petition. Petitioner contends that (1) the failure to record all proceedings in Petitioner's trial violated his rights to due process and effective assistance of appellate counsel; (2) the failure of trial counsel to (a) insist on the recordation of all parts of Petitioner's trial, (b) object to the joinder of offenses, and (c) insist on a limiting instruction regarding Petitioner's prior conviction resulted in ineffective assistance of trial counsel; and (3) Petitioner was denied due process when no rational trier of fact could have found that he was

2

guilty of robbery with a dangerous weapon when such weapon was clearly incapable of causing harm to anyone.

Statement of Facts

The North Carolina Court of Appeals summarized the facts from Petitioner's trial as follows:

> The State's evidence tended to show that Kevin Scott was the manager of a Subway restaurant. On 22 November 2002, Scott was working in the restaurant when defendant Kenneth Joel Cupid came in and placed an order for two subs. When another customer entered the restaurant, defendant left the counter area to go to the bathroom. After the second customer left the restaurant, defendant emerged from the bathroom and ordered a third sub and three drinks. Defendant appeared to be filling his cups with soda when he turned toward the counter, pointed a firearm at Scott, and said, "Give me your money or I'll shoot you." The firearm was a loaded silver semi-automatic handgun, and defendant was pointing it at Scott's stomach at a range of one to two feet. Although the firearm appeared to be a strange color, Scott was correct in his belief that it was a real firearm. However, the firearm was not in optimal working condition. As a result of the paint which had been applied to the firearm, the gun's firing mechanism was stuck to the point that it may have been possible to discharge only if one used two hands. The crime scene technician who later came into possession of the firearm did not feel safe discharging the weapon with two hands, so he used a piece of wood and a hammer to safely discharge the firearm and clear the chamber. After communicating his ultimatum to Scott, defendant instructed Scott to place money from the restaurant in a bag. Scott followed these instructions, and defendant took the bag, which contained between $450.00 and $500.00 and exited through the front door. After hearing all of the evidence, the jury convicted defendant of robbery with a dangerous weapon, felony fleeing to elude arrest with a motor vehicle, and possession of a firearm by a felon.

*State v. Cupid*, 173 N.C. App. 448, 618 S.E.2d 874 (2005).

ANALYSIS

Total Exhaustion Requirement

Title 28 U.S.C. § 2254(b) bars the granting of federal habeas corpus relief unless it appears that the petitioner has first exhausted the remedies available to him in state courts. *See* 28 U.S.C. § 2254(b)(1)(A) (1996). If a petitioner had the right in state court to raise the issues he asserts in the federal habeas petition, but failed to do so, then he has not exhausted his available state remedies. *See* 28 U.S.C. § 2254(c). The Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A habeas petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing on his constitutional claims. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971). In 2004, the Supreme Court reaffirmed the exhaustion requirement. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies . . . thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.") (internal citations and quotation marks omitted). In North Carolina, a petitioner may satisfy section 2254's exhaustion requirement generally by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court

4

for discretionary review or by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. *Farrar v. Hathaway*, No. 3:07cv85-1-MU, 2007 WL 674326, at *1 (W.D.N.C. Feb. 28, 2007); *see also* N.C. GEN. STAT. § 7A-31; N.C. GEN. STAT. § 15A-1422.

In support of the motion to dismiss, Respondent notes that, with the exception of his insufficiency of the evidence claim, Petitioner failed to present grounds for relief in his petition for discretionary review to the North Carolina Supreme Court, as required by 28 U.S.C. § 2254(b)(1)(A) (exhaustion of state remedies rule). Respondent contends that Petitioner's current federal habeas claims, except for the insufficiency of the evidence claim, are therefore not exhausted. I agree and find that the petition has one exhausted claim and two non-exhausted claims. In *Rose v. Lundy,* 455 U.S. 509, 522 (1982), the Supreme Court set forth the "total exhaustion rule," holding that "mixed" habeas petitions–those petitions containing both exhausted and non-exhausted claims–cannot be adjudicated and must be dismissed without prejudice to a petitioner to exhaust the non-exhausted claims before refiling the petition. *See also Rhines v. Weber,* 544 U.S. 269, 274 (2005) (noting that Congress "preserved *Lundy's* total exhaustion requirement" in 28 U.S.C. § 2254(b)(1)(A)). Since all but one of Petitioner's claims here are non-exhausted, the entire petition should be dismissed without prejudice.[1]

---

[1] Although courts may, in their discretion, stay a mixed habeas petition to allow a petitioner to exhaust his unexhausted claims in state court, *see Rhines,* 544 U.S. at 277, Petitioner has not offered good cause for his failure to exhaust and, indeed, did not even respond to the motion for summary judgment.

5

CONCLUSION

For the reasons stated herein, it is **RECOMMENDED** that Respondent's motion for summary judgment (docket no. 7) be **GRANTED** and that this action be dismissed without prejudice for failure to exhaust.

_____
WALLACE W. DIXON
United States Magistrate Judge

March 4, 2009